SUMMARY ORDER

Petitioner Huashu Fang, a native and citizen of the People’s Republic of China, seeks review of a June 12, 2008 order of the BIA affirming the March 29, 2007 decision of Immigration Judge (“IJ”) George T. Chew denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Huashu Fang, No. A99 429 460 (B.I.A. June 12, 2008), aff'g No. *455 A99 429 460 (Immig. Ct. N.Y. City Mar. 29, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the Id’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). In her brief, Fang argues that the agency’s adverse credibility determination was impermissibly speculative. As the Government argues, however, Fang has abandoned any challenge to the BIA’s alternate finding that she failed to demonstrate a well-founded fear of persecution where she did not show that the Chinese government is or would become aware of her political activities. Unless manifest injustice would otherwise result, we will not address issues that are not sufficiently argued in the briefs, and will consider them waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We do not find that manifest injustice would result in this case, and accordingly, we deem any such challenge waived.
Because Fang did not claim to have suffered past persecution, she bore the burden of establishing a well-founded fear of persecution by the Chinese government, and her failure to do so is fatal to her asylum claim. See 8 U.S.C. §§ 1158(b)(1)(B)(i), 1101(a)(42); Hongsheng Leng v. Mukasey, 528 F.3d 135, 142-43 (2d Cir.2008). That failure also necessarily precludes success on her claim for withholding of removal, which requires a higher burden of proof. See Paul v. Gonzales, 444 F.3d 148, 155-56 (2d Cir.2006). Additionally, Fang does not raise her CAT claim in her brief to this Court. Thus, we also deem that claim abandoned. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).